# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **CARTER-REED COMPANY, LLC,** a Utah limited liability company,<br><br>Plaintiff,<br>v.<br><br>**TAYLOR DEMULDER,** an individual, and John Does I-X,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br>Case No. 2:13CV1098 DAK |

This matter is before the court on Plaintiff Carter-Reed Company, LLC's ("Carter-Reed") Motion to Remand. A hearing on the motion was held on April 30, 2014. At the hearing, Carter-Reed was represented by David Parkinson, and Defendant Taylor Demulder ("Mr. Demulder") was represented by Richard H, Hikida and Andrew G. Deiss. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order, concluding that this case must be remanded to state court.

## BACKGROUND

Mr. Demulder removed this action from state court to federal court on the purported basis of diversity jurisdiction, claiming that the amount in controversy exceeds $75,000 and that the

parties are citizens of different states.[1]  In its Motion to Remand, Carter-Reed argues that this case was improperly removed because the amount in controversy is less than $75,000 and because Mr. Demulder has failed to demonstrate that Carter-Reed and Demulder are citizens of different states.  Thus, Carter-Reed contends that there is no federal jurisdiction and this action must be remanded to state court

In Carter-Reed's Complaint, which was originally filed in the Third Judicial District Court, Salt Lake County, State of Utah, Carter-Reed specifically restricted the amount it was seeking to $74,999.  For example, it stated in its Complaint that, "Carter-Reed hereby expressly limits that amount sought in this action to $74,999, such that any amounts awarded Carter-Reed through this action shall not exceed $74,999."[2]  The Complaint also contains an section entitled, "Limitation on Damages," wherein Carter-Reed again states: "Carter-Reed hereby expressly limits the amount of money it seeks to recover in this action to less than $75,000, such that the maximum amount of any recovery shall not exceed $74,999."[3]  To ensure there was no doubt as to the amount in controversy, the Prayer for Relief again clearly states on three separate occasions that the total monetary relief sought (including damages, punitive damages, attorneys' fees, costs, and pre- and post-judgment interest) "shall not exceed $74,999."[4]

Moreover, after the case was removed to this court, Carter-Reed filed the Declaration of Steven Dickert (the "Dickert Declaration") in Support of its Motion to Remand.  Mr. Dicket is

---

[1] *See* 28 U.S.C. § 1332.

[2] Complaint, Introduction, at 3-4.

[3] Complaint, Limitation on Damages, ¶ 95.

[4] Complaint, Prayer for Relief, ¶¶ 1-3.

the CFO of Carter Reed. His Declaration states that, "[i]n accordance with the express limitation in the complaint, Carter-Reed does not and will not pursue damages in excess of $74,999.00, and Carter-Reed will not accept damages or any other award in this matter in excess of $74,999.00."[5] Based on these pre- and post-removal representations, Carter-Reed argues that Mr. Demulder cannot establish that the amount in controversy exceeds $75,000.

Mr. Demulder, however, argues that the court, in determining whether jurisdiction exists, cannot consider any of the above-mentioned representations about limiting damages. He contends that the representations in the Complaint are meaningless because the Complaint was not verified nor was it accompanied by a sworn declaration. Moreover, he contends, the court cannot consider the post-removal Dickert Declaration because the court must determine jurisdiction based only on the allegations in the Complaint and the Notice of Removal; not on any documents filed after removal.

Mr. Demulder further argues that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, § 103(b), 125 Stat. 758 (2011), which became effective on January 6, 2012, precludes a party from limiting its damages where the state practice, such as the practice in Utah, is to permit recovery in excess of a plaintiff's demand.[6] Finally, he argues that Plaintiff's estimate of the amount in controversy was not in good faith,

---

[5] Dickert Declaration at 2, Docket No. 11-2.

[6] Mr. Demulder, however, cites no authority for the proposition that Rule 54(c)(1) of the Utah Civil Procedure precludes a plaintiff from explicitly limiting the amount of damages sought. Rule 54(c)(1) provides in relevant part, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

3

and thus, the court should consider Mr. Demulder's estimate as the only accurate estimate.[7] Mr. Demulder's arguments, however, are without merit, as discussed below.

## DISCUSSION

Generally, a civil case brought in a state court may be removed by a defendant to federal court if the case could have been brought there originally. *See* 28 U.S.C. § 1441(a). The United States Code provides that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). As the party invoking federal jurisdiction, Mr. Demulder bears the burden of establishing by a preponderance of the evidence that the requirements for the exercise of diversity jurisdiction are present. *Martin v. Franklin*

---

[7] The only purported "evidence" of bad faith set forth by Mr. Demulder is that Carter-Reed previously filed a similar Complaint against Mr. Demulder, but the Complaint did not contain an express damage limitation. When Mr. Demulder removed that case to federal court, Carter-Reed voluntarily dismissed the Complaint pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, before Mr. Demulder filed an Answer. Carter-Reed then filed the instant Complaint in state court, expressly limiting the damage amount to $74,999. The court does not find Carter-Reed's actions to be in bad faith. A plaintiff has a right to dismiss its case before an answer is filed. *See* Rule 41(a) of the Federal Rules of Civil Procedure; *See also Haley v. Ford Motor Co.*, 398 F. Supp. 2d 522, 526 (S. D. Miss. 2005) (citing *Katzman v. American Airlines, Inc.*, 1997 WL 752730 (S.D.N.Y. December 4, 1997)).

In *Katzman*, the plaintiff filed for voluntary dismissal after his case was removed to federal court based on diversity jurisdiction, and shortly thereafter, the plaintiff refiled the same claim in state court but limited to damages to $74,000 as the amount in controversy. The defendant requested that the federal court nullify the dismissal and retain jurisdiction on the grounds that plaintiff was engaged in improper game-playing. The court declined to do so. *Katzman*, 1997 WL 752730, at *1.

Similarly, in *Haley*, the court recognized that, "[i]t should be noted that no fundamental problem exists where a plaintiff dismisses her complaint in federal court and refiles in state court, if the plaintiff wishes to claim less than the jurisdictional amount of damages to stay in state court. After all, the plaintiff is normally the master of her complaint, and she is entitled to forego her claims for recovery beyond $75,000 if remaining in state court is more appealing to her." *Haley*, 398 F. Supp. 2d at 526 n.2.

*Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) . In addition, there is a presumption against removal jurisdiction, and all doubts are resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

At issue here is whether Mr. Demulder has established that the amount in controversy is actually over $75,000, despite the express damage limitations in the Complaint and in the Dickert Declaration. He has not done so. The United States Supreme Court has recognized that federal law allows a plaintiff to limit the amount of damages it seeks in a state court action to avoid diversity jurisdiction and thereby prevent removal to federal court. *See, e.g., The Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). In *Knowles*, the Court stated:

> [Mr. Knowles] also points out that federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so.

*Id.* at 1350 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove")); *see also Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) ("A plaintiff can defeat removal of a diversity case by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages, no matter how great her actual damages.") (internal citations omitted); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1302-1303 (M. D. Al. 1999) (where plaintiff expressly limited her recovery to less than $74,999, the amount in controversy did not exceed meet $75,000 and, therefore, the case was remanded to

state court; only the sum actually demanded is in controversy).

This court finds that the explicit and repeated damage limitation set forth in the Complaint, which is signed by Carter-Reed's attorney–an officer of the court, is sufficient to preclude a finding that the amount-in-controversy requirement has been satisfied..[8] *See, e.g.*, *Ratliff v. Merck & Co., Inc.*, 359 F. Supp. 2d 571, 576 (E.D. Ky. 2005). In *Ratliff*, although the plaintiffs did not file a stipulation limiting their damages to under $75,000, the court held that because the complaint alleged that damages would not exceed $75,000, plaintiffs were judicially estopped from taking an inconsistent position in the future. *Id.*.; *see also Cicero v. Target Corp.*, 2013 WL 3270559, at *2 (D. Nev. June 26, 2013) ("[B]ased on plaintiff's arguments in her motion to remand that her damages are limited to $74,999.99, plaintiff is judicially estopped from arguing for more than $75,000 in damages."); *Lovell v. State Farm Ins. Co.*, 2013 WL 210106, at *2 (D. Haw. 2013) (remanding case based on the plaintiffs' lawyers' representations that the plaintiffs would not seek an award in excess of $74,.999, finding that the plaintiffs' lawyers are subject to Rule 11 and that plaintiffs would be precluded from seeking more under the doctrine of judicial estoppel); *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (explaining that judicial estoppel prevents a party from changing its position in a legal

---

[8] There are additional safeguards for Mr. Demulder. Not only would the doctrine of judicial estoppel likely bar any attempt to recover more than $74,999, but Carter-Reed's lawyers are subject to sanctions under Rule 11 of the Utah Rules of Civil Procedure. Moreover, the JVCA itself contemplates a sanction for such a bad-faith action: If a plaintiff filed an affidavit in federal court as a pre-condition for remand and then proceeded to seek more than $75,000 in state court, that plaintiff would be acting in bad faith within the contemplation of 28 U.S.C. § 1446(c)(1), thereby allowing a defendant to remove a case beyond the one-year limitation set forth in § 1446(c)(1). *Sherman v. Nationwide Mutual Ins. Co*., 2013 WL 550265 (D. Mont. Jan. 15, 2013).

proceeding and that the position need not be taken under oath).

Moreover, in the instant case, Carter-Reed has provided a post-removal Declaration attesting to the $74,999 damage limitation in state court. While the court recognizes that post-removal filings cannot be used to defeat federal jurisdiction, the Dickert Declaration was not filed to defeat federal jurisdiction but rather to underscore Carter-Reed's commitment to the damage limitation already set forth in the (pre-removal) Complaint. Other courts have found that post-removal declarations can be considered by a court as a means to clarify the amount of damages sought in the underlying complaint. *See*, *e.g.*, *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N. D. Ala. 2012); *Baldori v. Delta Air Lines, Inc.*, 2011 WL 1212069, at *3 (W. D. Mich. Mar. 28, 2011); *Shearer v. Ohio Cas. Ins. Co.*, 2013 WL 588149, at *1 (E. D. Ky. Feb. 13, 2013); *Sherman v. Nationwide Mutual Ins. Co.*, 2013 WL 550265, at *2 (D. Mont Jan. 15, 2013); *Manning v. State Farm Fire and Cas. Co.*, 2011 WL 146391, at *2–3 (E. D. Ky. Jan.18, 2011). Some federal courts even request that a plaintiff file an affidavit or stipulation that the plaintiff will not seek to recover damages in state court of more than $75,000 as a pre-condition for remand. *See* 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702.1, p. 335 (4th ed. 2011) ("The federal court can also insist on a binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount as a pre-condition for remanding the case to state court.").

Here, not only is the Complaint explicit as to the amount of damages sought, but Carter-Reed has provided a sworn Declaration that it will not seek–or accept–any total damage award over $74,999. Thus, Mr. Demulder has not affirmatively established jurisdiction by proving jurisdictional facts that make it possible that more than $75,000 is in play. *See McPhail v. Deere*

*& Co.*, 529 F.3d at 816.[9]  The court is legally certain that Carter-Reed cannot recover the jurisdictional minimum.  *Id*.  Consequently, this court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a), and the action must be remanded to state court.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Carter-Reed's Motion to Remand [Docket No. 11] is GRANTED, and the Clerk of the Court is directed to REMAND this action back to the Third Judicial District Court, State of Utah.  Because this court does not have jurisdiction over this case, the Clerk of Court is directed to TERMINATE Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim for Relief [Docket No. 8] and his Motion to Dismiss for Improper Venue [Docket No. 9] and to close this case.

SO ORDERED this 16th day of May, 2014.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge

---

[9] Carter-Reed has also argued that the parties are not completely diverse for purposes of 28 U.S.C. § 1332(a).  The court need not address these citizenship arguments in light of the ruling that the amount-in-controversy requirement has not been satisfied.